IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

FILED
JOHN P. HEHMAN
CLERK

2013 JUN -4 AM 11: 25

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC<br>3150 139th Avenue SE<br>Building 4<br>Bellevue, WA 98005,<br><br>and<br><br>INTELLECTUAL VENTURES II LLC<br>3150 139th Avenue SE<br>Building 4<br>Bellevue, WA 98005,<br><br>    Plaintiffs,<br><br>v.<br><br>FIFTH THIRD BANCORP<br>38 Fountain Square Plaza<br>Fifth Third Center<br>Cincinnati, Ohio 45263,<br><br>and<br><br>FIFTH THIRD BANK<br>38 Fountain Square Plaza<br>Fifth Third Center<br>Cincinnati, Ohio 45263,<br><br>    Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : | CASE NO.<br><br>1:13 CV 378<br><br>J. BARRETT<br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

Plaintiffs, Intellectual Ventures I LLC and Intellectual Ventures II LLC, by their undersigned counsel, file this Complaint, averring as follows:

## PARTIES

1. Plaintiff, Intellectual Ventures I LLC ("Intellectual Ventures I"), is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

2. Plaintiff, Intellectual Ventures II LLC ("Intellectual Ventures II"), is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

3. Upon information and belief, Defendant, Fifth Third Bancorp ("Fifth Third Bancorp"), is an Ohio Corporation with a principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263.

4. Upon information and belief, Defendant, Fifth Third Bank ("Fifth Third Bank"), is an Ohio Corporation with a principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263 and is a wholly owned subsidiary of Fifth Third Bancorp. Fifth Third Bancorp and Fifth Third Bank are referred to herein collectively as "Defendants" or "Fifth Third."

## JURISDICTION AND VENUE

5. This Court has jurisdiction because this dispute is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

6. This Court has general personal jurisdiction over Defendants because they have their headquarters and do substantial and continuous business in this judicial district.

2

This Court has specific jurisdiction over Defendants because they have committed acts giving rise to this action and have established minimum contacts within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have conducted business in this district, have provided services to their customers within this judicial district, and have committed acts of patent infringement within this district giving rise to this action.

## STATEMENT OF FACTS

8. This is an action for patent infringement of one or more claims of United States Patent No. 7,664,701 ("the '701 Patent"); United States Patent No. 7,603,382 ("the '382 Patent"); United States Patent No. 6,182,894 ("the '894 Patent"); United States Patent No. 8,083,137 ("the '137 Patent"); and United States Patent No. 7,260,587 ("the '587 Patent") (collectively the "Patents-in-Suit").

9. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the Plaintiff in this case, Intellectual Ventures II.

3

10. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

11. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

12. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4000 inventors worldwide.

13. On February 16, 2010, the '701 Patent, titled "Masking Private Billing Data By Assigning Another Billing Data To Use In Commerce With Businesses," was duly and lawfully issued by the PTO. A copy of the '701 Patent is attached as Exhibit A.

14. On October 13, 2009, the '382 Patent, titled "Advanced Internet Interface Providing User Display Access of Customized Webpages," was duly and lawfully issued by the PTO. A copy of the '382 Patent is attached as Exhibit B.

15. On February 6, 2001, the '894 Patent, titled "Systems And Methods For Authorizing A Transaction Card," was duly and lawfully issued by the PTO. A copy of the '894 Patent is attached as Exhibit C.

16. On December 27, 2011, the '137 Patent, titled "Administration of Financial Accounts," was duly and lawfully issued by the PTO. A copy of the '137 Patent is attached as Exhibit D.

17. On August 21, 2007, the '587 Patent, titled "Method for Organizing Digital Images," was duly and lawfully issued by the PTO. A copy of the '587 Patent is attached as Exhibit E.

18. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701 Patent, the '382 Patent, and the '137 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

19. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '894 Patent and the '587 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

5

20. Fifth Third provides online banking services and other systems and services via electronic means including, but not limited to, the website https://www.53.com. In connection with these online banking services and other systems and services, Fifth Third infringes one or more claims of the '701 Patent, the '382 Patent, the '894 Patent, the '137 Patent and the '587 Patent.

### FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,664,701)

21. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

22. Intellectual Ventures I is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 5 of the '701 Patent by making, using, providing, offering to sell or selling its Online Bill Payment system/service.

23. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 5 of the '701 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Online Bill Payment system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 5 of the '701 Patent at least by actively inducing the use of its Online Bill Payment system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct

6

would induce others to use the Online Bill Payment system/service in a matter than infringes the '701 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '701 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '701 Patent.

24. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 5 of the '701 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

25. Intellectual Ventures I has provided written notice via letter to Fifth Third of its infringement of at least claim 5 of the '701 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

26. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '701 Patent in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,603,382)

27. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

7

28. Intellectual Ventures I is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '382 Patent by making, using, providing, offering to sell and/or selling its Online Investment Services.

29. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 1 of the '382 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Online Investment Services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 1 of the '382 Patent at least by actively inducing the use of its Online Investment Services by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Online Investment Services in a matter than infringes the '382 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '382 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '382 Patent.

30. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 1 of the '382 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple

8

articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

31. Intellectual Ventures I has provided written notice via letter to Fifth Third of its infringement of at least claim 1 of the '382 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

32. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '382 Patent in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,182,894)

33. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

34. Intellectual Ventures II is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 18 of the '894 Patent by making, using, providing, offering to sell or selling its Fifth Third Bank Credit Card system/service.

35. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 18 of the '894 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Fifth Third Bank Credit Card system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon

9

alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 18 of the '894 Patent at least by actively inducing the use of its Fifth Third Bank Credit Card system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Fifth Third Bank Credit Card system/service in a matter than infringes the '894 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '894 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '894 Patent.

36. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 18 of the '894 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '894 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

37. Intellectual Ventures II has provided written notice via letter to Fifth Third of its infringement of at least claim 18 of the '894 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

38. Intellectual Ventures II has suffered damages as a result of Defendant's infringement of the '894 Patent in an amount to be proven at trial.

10

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,083,137)

39. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

40. Intellectual Ventures I is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 12 of the '137 Patent by making, using, providing, offering to sell or selling its Commercial Card system/service.

41. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 12 of the '137 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Commercial Card system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 12 of the '137 Patent at least by actively inducing the use of its Commercial Card system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Commercial Card system/service in a matter than infringes the '137 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '137 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '137 Patent.

11

42. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 12 of the '137 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

43. Intellectual Ventures I has provided written notice via letter to Fifth Third of its infringement of at least claim 12 of the '137 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

44. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '137 Patent in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,260,587)

45. Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

46. Intellectual Ventures II is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 18 of the '587 Patent by using, providing, offering to sell or selling its ATM Deposit Automation system/service.

47. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 18 of the '587 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its ATM Deposit Automation system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 18 of the '587 Patent at least by actively inducing the use of its ATM Deposit Automation system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the ATM Deposit Automation system/service in a matter than infringes the '587 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '587 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '587 Patent.

48. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 18 of the '587 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

49. Intellectual Ventures II has provided written notice via letter to Fifth Third of its infringement of at least claim 18 of the '587 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

50. Intellectual Ventures II has suffered damages as a result of Defendant's infringement of the '587 Patent in an amount to be proven at trial.

WHEREFORE, the Plaintiffs, Intellectual Ventures I and Intellectual Ventures II, requests that judgment be entered in their favor and against the Defendants as follows:

1. On the First Claim for Relief, that Fifth Third Bancorp and Fifth Third Bank have infringed the '701 Patent;

2. On the Second Claim for Relief, that Fifth Third Bancorp and Fifth Third Bank have infringed the '382 Patent;

3. On the Third Claim for Relief, that Fifth Third Bancorp and Fifth Third Bank have infringed the '894 Patent;

4. On the Fourth Claim for Relief, that Fifth Third Bancorp and Fifth Third Bank have infringed the '137 Patent;

5. On the Fifth Claim for Relief, that Fifth Third Bancorp and Fifth Third Bank have infringed the '587 Patent;

6. Intellectual Ventures I be awarded damages adequate to compensate it for Fifth Third Bancorp's and Fifth Third Bank's past infringement and any continuing or future infringement of the '701 Patent, the '382 Patent, and the '137 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to adequately compensate Intellectual Ventures I for Fifth Third Bancorp's and Fifth Third Bank's infringement, an accounting;

7. Intellectual Ventures II be awarded damages adequate to compensate it for Fifth Third Bancorp's and Fifth Third Bank's past infringement and any continuing or future infringement of the '894 Patent and the '587 Patent up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and, if necessary to

adequately compensate Intellectual Ventures II for Fifth Third Bancorp's and Fifth Third Bank's infringement, an accounting;

8. Awarding Intellectual Ventures I attorneys' fees, costs and expenses incurred in prosecuting this action;

9. Awarding Intellectual Ventures II attorneys' fees, costs and expenses incurred in prosecuting this action; and

10. Awarding Intellectual Ventures I and Intellectual Ventures II such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Charles J. Faruki*

Charles J. Faruki (0010417)
   Trial Attorney
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street
Suite 1420
Cincinnati, Ohio 45202
Telephone: (937) 227-3705
Telecopier: (937) 227-3717
Email: cfaruki@ficlaw.com

*/s/ Ian N. Feinberg by Charles J. Faruki*

Ian N. Feinberg (California Bar No. 88324)
M. Elizabeth Day (California Bar No. 177125)
Marc C. Belloli (California Bar No. 244290)
(Pro hac vice admission to be sought)
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618-4364
Telecopier: (650) 618-4368
Email: ifeinberg@feinday.com

Attorneys for Intellectual Ventures

16

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

*/s/ Charles J. Faruki*
Charles J. Faruki (0010417)

725496.2