**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, et al., | |
| Plaintiffs, | CASE NO.  1:13-cv-378-MRB |
| v. | Judge Barrett |
| FIFTH THIRD BANCORP, et al., | |
| Defendants. | |
| Fifth Third Bancorp and Fifth Third Bank, | |
| Defendants/Counterclaim-Plaintiffs, | |
| v. | |
| Intellectual Ventures I LLC and Intellectual Ventures II LLC | |
| Plaintiffs/Counterclaim-Defendants. | |

**FIFTH THIRD BANCORP AND FIFTH THIRD BANK'S ANSWER,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT FOR**
**PATENT INFRINGEMENT (WITH JURY DEMAND ENDORSED HEREON)**

Defendants Fifth Third Bancorp and Fifth Third Bank (collectively "Fifth Third" or "Defendants"), by and through its attorneys, hereby states its Answer, Affirmative Defenses and Counterclaims in response to Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC's (collectively "Plaintiffs") Complaint For Patent Infringement in this civil action (the "Complaint") as follows:

## PARTIES

1.      Plaintiff, Intellectual Ventures I LLC ("Intellectual Ventures I"), is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this averment, and on that basis, denies them.

2.     Plaintiff, Intellectual Ventures II LLC ("Intellectual Ventures II"), is a Delaware limited liability company having its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this averment, and on that basis, denies them.

3.     Upon information and belief, Defendant, Fifth Third Bancorp ("Fifth Third Bancorp"), is an Ohio Corporation with a principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263.

**RESPONSE:** Admitted.

4.     Upon information and belief, Defendant, Fifth Third Bank ("Fifth Third Bank"), is an Ohio Corporation with a principal place of business at 38 Fountain Square Plaza, Fifth Third Center, Cincinnati, Ohio 45263 and is a wholly owned subsidiary of Fifth Third Bancorp. Fifth Third Bancorp and Fifth Third Bank are referred to herein collectively as "Defendants" or "Fifth Third."

**RESPONSE:** Admitted.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction because this dispute is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a) *[sic]*.

**RESPONSE:** Fifth Third admits that this Court has jurisdiction because this dispute is a

civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et.

seq. Fifth Third also admits that this Court has subject matter jurisdiction under 28 U.S.C. §§

1331 and 1338(a). Fifth Third denies that there is any factual or legal basis for supporting the

allegations in this civil action for patent infringement.

6.      This Court has general personal jurisdiction over Defendants because they have their headquarters and do substantial and continuous business in this judicial district.  This Court has specific jurisdiction over Defendants because they have committed acts giving rise to this action and have established minimum contacts within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

**RESPONSE:** Fifth Third admits for purposes of this action that venue is proper in this Court.  Fifth Third admits that it has its headquarters and does substantial and continuous business in this judicial district.  Firth Third also admits that it has established minimum contacts within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.  Fifth Third denies that it has committed acts giving rise to this action.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have conducted business in this district, have provided services to their customers within this judicial district, and have committed acts of patent infringement within this district giving rise to this action.

**RESPONSE:** Fifth Third admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because it has conducted business in this district and has provided services to its customers within this judicial district.  Fifth Third denies that it has committed acts of patent infringement within this district, or within any district, giving rise to this action.

## STATEMENT OF FACTS

8.      This is an action for patent infringement of one or more claims of United States Patent No. 7,664,701 ("the '701 Patent"); United States Patent No. 7,603,382 ("the '382 Patent"); United States Patent No. 6,182,894 ("the '894 Patent"); United States Patent No. 8,083,137 ("the '137 Patent"); and United States Patent No. 7,260,587 ("the '587 Patent") (collectively the "Patents-in-Suit").

**RESPONSE:** Fifth Third admits that this action purports to be for patent infringement of one or more claims of the Patents-in-Suit. Fifth Third denies that there is any actual or legal basis supporting the allegations in this patent infringement action.

9. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the Plaintiff in this case, Intellectual Ventures II.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the allegations in this averment, and on that basis, denies them.

10. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures enables inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has purchased more than 70,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies which continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the allegations in this averment, and on that basis, denies them.

11. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the allegations in this averment, and on that basis, denies them.

12.     Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4000 inventors worldwide.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this averment, and on that basis, denies them.

13.     On February 16, 2010, the '701 Patent, titled "Masking Private Billing Data By Assigning Another Billing Data To Use In Commerce With Businesses," was duly and lawfully issued by the PTO. A copy of the '701 Patent is attached as Exhibit A.

**RESPONSE:** Fifth Third admits that the '701 Patent is entitled "Masking Private Billing

Data by Assigning Another Billing Data to Use in Commerce With Businesses" and that

Plaintiffs purport to attach a copy to the Complaint as Exhibit A.  Fifth Third lacks knowledge

sufficient to form a belief about the truth of the remaining allegations in this averment, and on

that basis, denies them.

14.     On October 13, 2009, the '382 Patent, titled "Advanced Internet Interface Providing User Display Access of Customized Webpages," was duly and lawfully issued by the PTO. A copy of the '382 Patent is attached as Exhibit B.

**RESPONSE:** Fifth Third admits that the '382 Patent is entitled "Advanced Internet

Interface Providing User Display Access of Customized Webpages" and that Plaintiffs purport to

attach a copy to the Complaint as Exhibit B.  Fifth Third lacks knowledge sufficient to form a

belief about the truth of the remaining allegations in this averment, and on that basis, denies

them.

15.     On February 6, 2001, the '894 Patent, titled "Systems And Methods For Authorizing A Transaction Card," was duly and lawfully issued by the PTO. A copy of the '894 Patent is attached as Exhibit C.

**RESPONSE:** Fifth Third admits that the '894 Patent is entitled "Systems and Methods for Authorizing a Transaction Card" and that Plaintiffs purport to attach a copy to the Complaint as Exhibit C. Fifth Third lacks knowledge sufficient to form a belief about the truth of the remaining allegations in this averment, and on that basis, denies them.

16.    On December 27, 2011, the '137 Patent, titled "Administration of Financial Accounts," was duly and lawfully issued by the PTO. A copy of the '137 Patent is attached as Exhibit D.

**RESPONSE:** Fifth Third admits that the '137 Patent is entitled "Administration of Financial Accounts" and that Plaintiffs purport to attach a copy to the Complaint as Exhibit D. Fifth Third lacks knowledge sufficient to form a belief about the truth of the remaining allegations in this averment, and on that basis, denies them.

17.    On August 21, 2007, the '587 Patent, titled "Method for Organizing Digital Images," was duly and lawfully issued by the PTO. A copy of the '587 Patent is attached as Exhibit E.

**RESPONSE:** Fifth Third admits that the '587 Patent is entitled "Method for Organizing Digital Images" and that Plaintiffs purport to attach a copy to the Complaint as Exhibit E. Fifth Third lacks knowledge sufficient to form a belief about the truth of the remaining allegations in this averment, and on that basis, denies them.

18.    Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701 Patent, the '382 Patent, and the '137 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the allegations in this averment, and on that basis, denies them.

19.    Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '894 Patent and the '587 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

**RESPONSE:** Fifth Third lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this averment, and on that basis, denies them.

20.     Fifth Third provides online banking services and other systems and services via electronic means including, but not limited to, the website https://www.53.com. In connection with these online banking services and other systems and services, Fifth Third infringes one or more claims of the '701 Patent, the '382 Patent, the '894 Patent, the '137 Patent and the '587 Patent.

**RESPONSE:** To the extent this averment is understood, Fifth Third admits that it

provides online banking services and other systems and services via electronic means including,

but not limited to, the website https://www.53.com.  Fifth Third denies that it infringes one or

more claims of the '701 Patent, the '382 Patent, the '894 Patent, the '137 Patent and the '587

Patent.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,664,701)**

21.     Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

**RESPONSE:** Fifth Third incorporates by reference each of its Responses to paragraphs

1-20 as set forth above.

22.     Intellectual Ventures I is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 5 of the '701 Patent by making, using, providing, offering to sell or selling its Online Bill Payment system/service.

**RESPONSE:** Denied.

23.     Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 5 of the '701 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Online Bill Payment system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 5 of the '701 Patent at least by actively inducing the use of its Online Bill Payment system/service by

third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Online Bill Payment system/service in a matter than infringes the '701 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '701 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '70Denied.1 Patent.

     **RESPONSE:** Denied.


     24.    Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 5 of the '701 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '701 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

     **RESPONSE:** Denied.


     25.    Intellectual Ventures I has provided written notice via letter to Fifth Third of its infringement of at least claim 5 of the '701 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

     **RESPONSE:** Fifth Third admits that it has received notice of plaintiff's allegations of

infringement by virtue of the service of this Complaint.  Fifth Third denies all remaining

allegations of this paragraph.


     26.    Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '701 Patent in an amount to be proven at trial.

     **RESPONSE:** Denied.


## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,603,382)

     27.    Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

**RESPONSE:** Fifth Third incorporates by reference each of its Responses to paragraphs 1-20 as set forth above.

28.     Intellectual Ventures I is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '382 Patent by making, using, providing, offering to sell and/or selling its Online Investment Services.

**RESPONSE:** Denied.

29.     Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 1 of the '382 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Online Investment Services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 1 of the '382 Patent at least by actively inducing the use of its Online Investment Services by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Online Investment Services in a matter than infringes the '382 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '382 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '382 Patent.

**RESPONSE:** Denied.

30.     Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 1 of the '382 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '382 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**RESPONSE:** Denied.

31.     Intellectual Ventures I has provided written notice via letter to Fifth Third of its infringement of at least claim 1 of the '382 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

**RESPONSE:** Fifth Third admits that it has notice of Plaintiff's allegations or infringement by virtue of the service of this Complaint. Fifth Third denies all remaining allegations of this paragraph.

32. Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '382 Patent in an amount to be proven at trial.

**RESPONSE:** Denied.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(Infringement of U.S. Patent No. 6,182,894)**

33. Intellectual Ventures I and Intellectual Ventures 11 reallege paragraphs 1-20, inclusive, as if fully set forth below.

**RESPONSE:** Fifth Third incorporates by reference each of its Responses to paragraphs 1-20 as set forth above.

34. Intellectual Ventures II is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 18 of the '894 Patent by making, using, providing, offering to sell or selling its Fifth Third Bank Credit Card system/service.

**RESPONSE:** Denied.

35. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 18 of the '894 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Fifth Third Bank Credit Card system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 18 of the '894 Patent at least by actively inducing the use of its Fifth Third Bank Credit Card system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Fifth Third Bank Credit Card system/service in a matter than infringes the '894 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '894 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '894 Patent.

10

**RESPONSE:** Denied.

36.     Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 18 of the '894 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '894 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**RESPONSE:** Denied.

37.     Intellectual Ventures II has provided written notice via letter to Fifth Third of its infringement of at least claim 18 of the '894 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

**RESPONSE:** Fifth Third admits that it has notice of plaintiff's allegations or

infringement by virtue of the service of this Complaint.  Fifth Third denies all remaining

allegations of this paragraph.

38.     Intellectual Ventures II has suffered damages as a result of Defendant's infringement of the '894 Patent in an amount to be proven at trial.

**RESPONSE:** Denied.

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,083,137)

39.     Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1-20, inclusive, as if fully set forth below.

**RESPONSE:** Fifth Third incorporates by reference each of its Responses to paragraphs

1-20 as set forth above.

40.     Intellectual Ventures I is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 12 of the '137 Patent by making, using, providing, offering to sell or selling its Commercial Card system/service.

**RESPONSE:** Denied.

41.     Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 12 of the '137 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its Commercial Card system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 12 of the '137 Patent at least by actively inducing the use of its Commercial Card system/service by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the Commercial Card system/service in a matter than infringes the '137 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '137 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '137 Patent.

        **RESPONSE:** Denied.


42.     Intellectual Ventures I is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 12 of the '137 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '137 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

        **RESPONSE:** Denied.


43.     Intellectual Ventures I has provided written notice via letter to Fifth Third of its infringement of at least claim 12 of the '137 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

        **RESPONSE:** Fifth Third admits that it has notice of plaintiff's allegations or

infringement by virtue of the service of this Complaint.  Fifth Third denies all remaining

allegations of this paragraph.


44.     Intellectual Ventures I has suffered damages as a result of Defendant's infringement of the '137 Patent in an amount to be proven at trial.

        **RESPONSE:** Denied.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,260,587)**

45.     Intellectual Ventures I and Intellectual Ventures II reallege paragraphs 1¬20, inclusive, as if fully set forth below.

**RESPONSE:** Fifth Third incorporates by reference each of its Responses to paragraphs

1-20 as set forth above.

46.     Intellectual Ventures II is informed and believes and thereon alleges that Fifth Third has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 18 of the '587 Patent by using, providing, offering to sell or selling its ATM Deposit Automation system/service.

**RESPONSE:** Denied.

47.     Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third also has and continues to directly infringe at least claim 18 of the '587 Patent by inducing others to infringe or contributing to the infringement of others, including third party users of its ATM Deposit Automation system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has actively induced and continues to induce the infringement of at least claim 18 of the '587 Patent at least by actively inducing the use of its ATM Deposit Automation system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third knew or should have known that its conduct would induce others to use the ATM Deposit Automation system/service in a matter than infringes the '587 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '587 Patent in violation of 35 U.S.C. §271(a) by using the infringing system/service. Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third through at least the website at https://www.53.com actively induced its customers to infringe the '587 Patent.

**RESPONSE:** Denied.

48.     Intellectual Ventures II is informed and believes, and thereon alleges, that Fifth Third has contributorily infringed and continues to contributorily infringe at least claim 18 of the '587 Patent by providing, selling or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '587 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**RESPONSE:** Denied.

49. Intellectual Ventures II has provided written notice via letter to Fifth Third of its infringement of at least claim 18 of the '587 Patent. Fifth Third also has written notice of its infringement by virtue of the filing and service of this Complaint.

**RESPONSE:** Fifth Third admits that it has notice of plaintiff's allegations or infringement by virtue of the service of this Complaint. Fifth Third denies all remaining allegations of this paragraph.

50. Intellectual Ventures II has suffered damages as a result of Defendant's infringement of the '587 Patent in an amount to be proven at trial.

**RESPONSE:** Denied.

## FIFTH THIRD'S AFFIRMATIVE DEFENSES
### First Affirmative Defense (Non-Infringement)

Fifth Third does not infringe and has not infringed any valid and enforceable claim of U.S. Patents Nos. 7,664,701, 7,603,382, 6,182,894, 8,083,137 and 7,260,587 (collectively "Patents-in-Suit") either directly, indirectly, contributorily, or by way of inducement.

### Second Affirmative Defense (Invalidity)

The claims of the Patents-in-Suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§101, 102, 103 and/or 112.

### Third Affirmative Defense (Limitation on Damages)

Any claim by Plaintiffs for damages is limited under 35 U.S.C. §§ 286 and/or 287. Plaintiffs are barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint. Plaintiffs are barred by 35 U.S.C. § 287 from recovering damages prior to Plaintiffs providing notice of infringement.

Fourth Affirmative Defense (Equity)

Plaintiffs' claims are barred in whole or in part under principles of equity, including but not limited to laches.

**COUNTERCLAIMS**

1.      Defendants/Counterclaim-plaintiffs Fifth Third Bancorp and Fifth Third Bank (collectively "Fifth Third") assert these counterclaims against Plaintiffs/Counterclaim-defendants Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively "Plaintiffs/Counterclaim-defendants").

Nature and Basis of Action

2.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 et seq.  Fifth Third request declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patents Nos. 7,664,701 ("the '701 Patent), 7,603,382 ("the '382 Patent), 6,182,894 ("the '894 Patent), 8,083,137 ("the '137 Patent) and 7,260,587 ("the '587 Patent) (collectively "Patents-in-Suit"); and (ii) the Patents-in-Suit are invalid.

The Parties and Jurisdiction

3.      Fifth Third Bancorp and Fifth Third Bank are corporations organized and existing under the laws of the State of Ohio, with a principal place of businesses at Fifth Third Center, Cincinnati, Ohio.  Fifth Third does business in the State of Ohio and is doing business in this District.

4.      Intellectual Ventures I LLC alleges that it is a limited liability company organized and existing under the laws of the state of Delaware with principal places of business located at 3150 139th Avenue SE, Bellevue, Washington 98005.

5.      Intellectual Ventures II LLC alleges that it is a limited liability company organized and existing under the laws of the state of Delaware with principal places of business located at 3150 139th Avenue SE, Bellevue, Washington 98005.

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.      This Court has personal jurisdiction over Plaintiffs/Counterclaim-defendants by virtue of at least Plaintiffs/Counterclaim-defendants having voluntarily subjected itself to such jurisdiction by bringing its claims in this action.

<u>Factual Allegations</u>

8.      Intellectual Ventures I alleges that it is the owner, by valid assignment, of all right, title, and interest in and to the '701 Patent, including the right to seek remedies and relief for past infringement thereof.

9.      Intellectual Ventures I alleges that Fifth Third infringes at least one claim of the '701 Patent.

10.     Fifth Third does not infringe, nor has it infringed, any valid, enforceable claim of the '701 Patent.

16

11.     All of the claims of the '701 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

12.     Intellectual Ventures I alleges that it is the owner, by valid assignment, of all right, title, and interest in and to the '382 Patent, including the right to seek remedies and relief for past infringement thereof.

13.     Intellectual Ventures I alleges that Fifth Third infringes at least one claim of the '382 Patent.

14.     Fifth Third does not infringe, nor has it infringed, any valid, enforceable claim of the '382 Patent.

15.     All of the claims of the '382 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

16.     Intellectual Ventures II alleges that it is the owner, by valid assignment, of all right, title, and interest in and to the '894 Patent, including the right to seek remedies and relief for past infringement thereof.

17.     Intellectual Ventures II alleges that Fifth Third infringes at least one claim of the '894 Patent.

18.     Fifth Third does not infringe, nor has it infringed, any valid, enforceable claim of the '894 Patent.

19.     All of the claims of the '894 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.     Intellectual Ventures I alleges that it is the owner, by valid assignment, of all right, title, and interest in and to the '137 Patent, including the right to seek remedies and relief for past infringement thereof.

21.     Intellectual Ventures I alleges that Fifth Third infringes at least one claim of the '137 Patent.

22.     Fifth Third does not infringe, nor has it infringed, any valid, enforceable claim of the '137 Patent.

23.     All of the claims of the '137 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.     Intellectual Ventures II alleges that it is the owner, by valid assignment, of all right, title, and interest in and to the '587 Patent, including the right to seek remedies and relief for past infringement thereof.

25.     Intellectual Ventures II alleges that Fifth Third infringes at least one claim of the '587 Patent.

26.     Fifth Third does not infringe, nor has it infringed, any valid, enforceable claim of the '587 Patent.

27.     All of the claims of the '587 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

Counterclaim I : Declaration of Non-infringement and Invalidity of the '701 Patent

28.     Fifth Third re-alleges and incorporates its allegations of paragraphs 1-27, inclusive, of its Counterclaims as if set forth herein in full.

29.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning Fifth Third's non-infringement of the claims of the '701 Patent.

30.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning the invalidity of the claims of the '701 Patent.

31.     Fifth Third has not infringed and does not infringe any valid, enforceable claim of the '701 Patent.

32.     Fifth Third is entitled to a judicial declaration and order that it has not infringed and does not infringe any valid, enforceable claim of the '701 Patent.

33.     The '701 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

34.     Fifth Third is entitled to a judicial declaration and order that the '701 Patent is invalid.

Counterclaim II : Declaration of Non-infringement and Invalidity of the '382 Patent

35.     Fifth Third re-alleges and incorporates its allegations of paragraphs 1-27, inclusive, of its Counterclaims as if set forth herein in full.

36.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning Fifth Third's non-infringement of the claims of the '382 Patent.

37.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning the invalidity of the claims of the '382 Patent.

38.     Fifth Third has not infringed and does not infringe any valid, enforceable claim of the '382 Patent.

39.     Fifth Third is entitled to a judicial declaration and order that it has not infringed and does not infringe any valid, enforceable claim of the '382 Patent.

40.     The '382 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

41.     Fifth Third is entitled to a judicial declaration and order that the '382 Patent is invalid.

Counterclaim III : Declaration of Non-infringement and Invalidity of the '894 Patent

42.     Fifth Third re-alleges and incorporates its allegations of paragraphs 1-27, inclusive, of its Counterclaims as if set forth herein in full.

43.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning Fifth Third's non-infringement of the claims of the '894 Patent.

44.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning the invalidity of the claims of the '894 Patent.

45.     Fifth Third has not infringed and does not infringe any valid, enforceable claim of the '894 Patent.

46.     Fifth Third is entitled to a judicial declaration and order that it has not infringed and does not infringe any valid, enforceable claim of the '894 Patent.

47.     The '894 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

48.     Fifth Third is entitled to a judicial declaration and order that the '894 Patent is invalid.

Counterclaim IV : Declaration of Non-infringement and Invalidity of the '137 Patent

49.     Fifth Third re-alleges and incorporates its allegations of paragraphs 1-27, inclusive, of its Counterclaims as if set forth herein in full.

50.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning Fifth Third's non-infringement of the claims of the '137 Patent.

51.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning the invalidity of the claims of the '137 Patent.

52.     Fifth Third has not infringed and does not infringe any valid, enforceable claim of the '137 Patent.

53.     Fifth Third is entitled to a judicial declaration and order that it has not infringed and does not infringe any valid, enforceable claim of the '137 Patent.

54.     The '137 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

55.     Fifth Third is entitled to a judicial declaration and order that the '137 Patent is invalid.

<u>Counterclaim V : Declaration of Non-infringement and Invalidity of the '587 Patent</u>

56.     Fifth Third re-alleges and incorporates its allegations of paragraphs 1-27, inclusive, of its Counterclaims as if set forth herein in full.

57.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning Fifth Third's non-infringement of the claims of the '587 Patent.

58.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning the invalidity of the claims of the '587 Patent.

59.     Fifth Third has not infringed and does not infringe any valid, enforceable claim of the '587 Patent.

22

60.     Fifth Third is entitled to a judicial declaration and order that it has not infringed and does not infringe any valid, enforceable claim of the '587 Patent.

61.     The '587 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 101, 102, 103 and/or 112.

62.     Fifth Third is entitled to a judicial declaration and order that the '587 Patent is invalid.

WHEREFORE, Fifth Third requests that judgment be entered in its favor against Plaintiffs/Counterclaim-defendants as follows:

A.      Plaintiffs/Counterclaim-defendants recover nothing and their Complaint be dismissed with prejudice.

B.      The Court deny any injunctive relief in favor of Plaintiffs/Counterclaim-defendants against Fifth Third.

C.      The Court declare that Fifth Third has not infringed any claim of the Patents-in-Suit.

D.      The Court declare that the Patents-in-Suit are invalid.

E.      The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Fifth Third its reasonable attorneys' fees.

F.      All costs be taxed against Plaintiffs/Counterclaim-defendants.

I.      Such other and further relief as is necessary and appropriate.

## JURY DEMAND

Fifth Third hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn V. Whitaker (0018169)
***Trial Attorney***
Eric W. Richardson (0066530)
Adam C. Sherman (0076850)
VORYS, SATER, SEYMOUR, & PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio 45202
Tel. 513-723-4000
Fax. 513-852-7885
gvwhitaker@vorys.com
ewrichardson@vorys.com
acsherman@vorys.com

Allan J. Sternstein (pro hac vice pending)
Tel: 312-627-2143
Fax: 866-875-0910
ASternstein@dykema.com

Jeffrey A. Pine (pro hac vice pending)
Tel: 312-627-2122
Fax: 866-364-7252
JPine@dykema.com

Jonathan Giroux (pro hac vice pending)
Tel: 312-627-4629
Fax: 866-902-8564
JGiroux@dykema.com
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

Attorneys for Defendants FIFTH THIRD
BANCORP and FIFTH THIRD BANK

24

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5(d), I hereby certify that on July 19, 2013, I electronically filed the foregoing **Fifth Third Bancorp and Fifth Third Bank's Answer, Affirmative Defenses and Counterclaims to Complaint for Patent Infringement** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record who are deemed to have consented to electronic service.

<u>/s/ Glenn V. Whitaker</u>
Attorney for Defendants